# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>JEFFERSON DEVELOPMENT PARTNERS, LLC,<br><br>　　　　　**Debtor**<br><br>HAROLD B. MURPHY, as Chapter 7 Trustee,<br><br>　　　　　**Plaintiff**<br><br>v.<br><br>ERIC GOLDFINE, AS TRUSTEE OF THE SELF-EMPLOYED RETIREMENT PLAN AND TRUST, NICHOLAS LANPHIER, AS TRUSTEE OF THE NICHOLAS LANPHIER FAMILY TRUST, and WHITTENTON HOLDINGS, LLC,<br><br>　　　　　**Defendants**<br><br>WHITTENTON HOLDINGS, LLC,<br><br>　　　　　**Third-party Plaintiff,**<br><br>v.<br><br>D. ETHAN JEFFREY,<br><br>　　　　　**Third-party Defendant** | Chapter 7<br>Case No. 14-10129-FJB<br><br><br><br>Adversary Proceeding<br>No. 16-1171 |

**MEMORANDUM OF DECISION**

**I.     Overview**

　　　The matter before the Court is a motion by D. Ethan Jeffrey ("Jeffrey"), who is the third-party defendant and the former chapter 11 trustee of the bankruptcy estate of Jefferson Development

Partners, LLC (the "Debtor"), to dismiss a third-party complaint brought by Whittenton Holdings, LLC. ("Whittenton"). Whittenton is the third-party plaintiff as well as one of three defendants named in the underlying complaint in this adversary proceeding, brought by the current chapter 7 trustee of the Debtor's bankruptcy estate, Harold B. Murphy (the "Chapter 7 Trustee"). Whittenton's third-party complaint contains seven counts, all for alleged breaches of Jeffrey's fiduciary duties while he was chapter 11 trustee. Jeffrey has moved to dismiss each of the seven counts on the basis that they fail to state a claim for which relief can be granted and on the basis that Jeffrey is immune from liability for the actions in question under the doctrine of derived judicial immunity. Following a hearing held on August 23, 2017 and for the reasons stated below, Jeffrey's motion to dismiss is allowed as to Counts I, II, III, IV, and V and denied as to Counts VI and VII without prejudice to Jeffrey's filing a renewed motion to dismiss as explained below.

## II.    Background

Unless otherwise indicated, the following facts are undisputed. The Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on January 15, 2014. The Debtor's primary asset was the so-called Whittenton Mill (the "Property"), an historic mill complex that included thirty-two buildings and is located on forty-seven acres of land in Taunton, Massachusetts. Following the petition date, two entities, the Self-Employed Retirement Plan and Trust ("SERPT") and the Nicholas Lanphier Family Trust (the "Lanphier Trust"), each asserted claims of ownership to the same mortgage on the Property. SERPT filed a proof of secured claim in the amount of $2,307,503.62. SERPT and the Lanphier Trust eventually settled this dispute in 2015 and each assigned all rights, title, and interest in the mortgage in question to Whittenton.

On May 1, 2014, the Court ordered the United States Trustee to appoint a chapter 11 trustee. The United States Trustee subsequently appointed Jeffrey as chapter 11 trustee of the Debtor's bankruptcy estate, and the Court approved the United States Trustee's application for and certificate of

appointment.  On May 16, 2014, Jeffrey filed an expedited motion to abandon the Property and to convert the case to one under chapter 7 of the Bankruptcy Code.  In this motion, Jeffrey stated that the Debtor was operating at a loss of approximately $6,000 per week and that there was no reasonable likelihood of rehabilitation for the Debtor.  Jeffrey further stated that the Property had little, if any, equity value at the time of the motion.  The Court held multiple hearings on Jeffrey's motion, continuing the matter multiple times without ruling on it, as it appeared that Jeffrey was negotiating with SERPT and the Lanphier Trust for a sale of the Property.  On July 7, 2014, Jeffrey filed a motion to sell the Property and a motion to approve a stipulation he had reached with SERPT and the Lanphier Trust (the "Stipulation").  According to the Stipulation, Jeffrey agreed to continue operating the chapter 11 estate to facilitate a sale of the Property at public auction.  The Stipulation required SERPT and the Lanphier Trust to advance funds to cover any shortfall in the administrative expenses of operating the Debtor's chapter 11 estate through the date of the sale of the Property.  These advances were to be repaid from the sale proceeds.  The Stipulation also required SERPT and the Lanphier Trust to purchase the Property by credit bid at the auction in the event no third-party buyer purchased the Property.  Following a hearing, the Court entered an order approving the Stipulation, and Jeffrey withdrew his motion to abandon the Property.  On August 5, 2014, the Court approved Jeffrey's motion for authorization to sell the Property in a public sale in accordance with the terms of the Stipulation.

Jeffrey conducted an auction of the Property on October 9, 2014.  No third-party buyer bid for the Property at the auction.  The parties dispute whether Jeffrey, SERPT, or the Lanphier Trust breached their respective obligations under the Stipulation.  This adversary proceeding, brought by the Chapter 7 Trustee against SERPT, the Lanphier Trust, and Whittenton, concerns the breach of this agreement.  For present purposes, it suffices to note that, despite the fact that no third-party buyer bid for the Property at the auction, SERPT and the Lanphier Trust did not purchase the Property.

Following the failed auction, Jeffrey negotiated a potential sale of the Property to the Debtor's principal, David Murphy ("Murphy"). On January 5, 2015, the Court approved Jeffrey's motion to sell the Property to Murphy. This sale never closed. Jeffrey then negotiated a potential sale of the Property to a private buyer. On April 21, 2015, Jeffrey filed a motion for approval of this potential sale. Following a hearing, the Court denied this third sale motion on May 18, 2015. On May 27, 2015, Jeffrey filed a motion to abandon the Property and to convert the case to one under chapter 7. On June 29, 2015, the Court allowed Jeffrey's motion to abandon the Property and converted the case to one under chapter 7 of the Bankruptcy Code. The Chapter 7 Trustee was subsequently appointed. Following conversion to chapter 7, SERPT transferred its secured claim to Whittenton.

On October 7, 2016, the Chapter 7 Trustee filed the underlying complaint commencing this adversary proceeding, naming as defendants SERPT, the Lanphier Trust, and Whittenton. The complaint states counts for breach of contract and violation of MASS. GEN. LAWS ch. 93A against SERPT and the Lanphier Trust related to their failure to purchase the Property at the auction in October 2014. The complaint also states a count objecting to Whittenton's proof of claim. All three defendants answered the Chapter 7 Trustee's complaint, and Whittenton brought the third-party complaint against Jeffrey. Jeffrey subsequently filed the instant motion to dismiss the third party complaint. The Court held a hearing on this motion on August 23, 2017.

### III.    Jurisdiction

The matters before the Court in the underlying adversary proceeding are (1) claims brought by the Chapter 7 Trustee against SERPT and the Lanphier Trust that arose in the administration of the Debtor's chapter 11 estate and (2) the Chapter 7 Trustee's objection to Whittenton's proof of claim. They arose in a bankruptcy case and therefore fall within the jurisdiction given the district court in 28 U.S.C. § 1334(b) and, by a standing order of reference (codified in the district court's local rules at L.R. 201, D. Mass.), referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). They are core

4

proceedings within the meaning of 28 U.S.C. § 157(b)(1). *See* 28 U.S.C. § 157(b)(2)(B) and (O) (core proceedings include allowance or disallowance of claims against the estate and other proceedings affecting the liquidation of the assets of the estate). The bankruptcy court accordingly has authority to enter final judgment on the underlying complaint in this adversary proceeding.

The matter before the Court in the third-party complaint is Whittenton's claim against Jeffrey for breach of his fiduciary duties to the bankruptcy estate. It arose in a bankruptcy case and therefore falls within the jurisdiction given the district court in 28 U.S.C. § 1334(b) and, by a standing order of reference (codified in the district court's local rules at L.R. 201, D. Mass.), referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). It is also a core proceeding within the meaning of 28 U.S.C. § 157(b)(1). *See* 28 U.S.C. § 157(b)(2)(O) (core proceedings affecting the liquidation of the assets of the estate).

## IV. Discussion

### A. Standard for a Motion to Dismiss a Complaint

Under Fed. R. Civ. P. 12(b)(6), as made applicable in adversary proceedings by Bankruptcy Rule 7012(b), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In *Ashcroft v. Iqbal,* the United States Supreme Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556 [. . .] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557 [. . .]

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

As the United States Court of Appeals for the First Circuit has stated, "[t]he make-or-break standard [. . .] is that the combined allegations, taken as true, must state a plausible, not a merely

conceivable, case for relief." *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. at 679-80). Dismissal for failure to state a claim is appropriate if the complaint fails to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

**B. Analysis**

By its third party complaint, Whittenton states seven counts, all characterized as breaches of fiduciary duty, for negligence and business torts allegedly committed by Jeffrey during the time he was chapter 11 trustee of the Debtor's bankruptcy estate. The United States Court of Appeals for the First Circuit has stated that a "bankruptcy trustee can be personally liable for negligent breach of fiduciary duty." *LeBlanc v. Salem* (*In re Mailman Steam Carpet Cleaning Corp.*), 196 F.3d 1, 7 (1st Cir. 1999). Jeffrey has moved to dismiss each count for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ascroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Jeffrey argued in his motion that in order for a bankruptcy trustee to be found liable for his actions performed while serving in that capacity the plaintiff has the burden of establishing that the trustee acted willfully or with gross negligence. Whittenton disagrees and argues that a trustee is liable for ordinary negligence. The Court need not decide the correct standard at this juncture because at the hearing Jeffrey agreed that, for purposes of this motion, he would assume that the ordinary negligence standard applies.

Jeffrey has also moved to dismiss on the basis that he is protected from liability for the actions in question due to the doctrine of derived judicial immunity. While Jeffrey did not make this argument in his written motion, Jeffrey adopted this argument orally when the United States Trustee articulated it

at the hearing. The First Circuit has stated that "a trustee acting with the explicit approval of a bankruptcy court is entitled to absolute immunity, as long as there has been full and frank disclosure to creditors and the court." *Mailman*, 196 F.3d at 8 (citing *Lopez–Stubbe v. Rodriguez–Estrada* (*In re San Juan Hotel Corp.*), 847 F.2d 931, 942 (1st Cir.1988)). The record is not fully developed on whether the actions of Jeffrey that are the subject of Whittenton's third-party complaint were explicitly approved by the Court. Thus, where necessary, the Court has examined the docket in an effort to determine whether such explicit Court orders existed so as to immunize Jeffrey's action. In deciding a Rule 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record. *See Mailman*, 196 F. 3d at 6 n. 2 (citing Fed. R. Evid. 201; Fed. R. Bankr. P. 9017 (making applicable Fed. R. Evid. 201); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)).

Count I of Whittenton's third-party complaint alleges that Jeffrey breached his fiduciary duties as chapter 11 trustee when he withdrew his original motion to abandon the Property in 2014. Whittenton voluntarily dismissed this count during oral argument.

Count II alleges that Jeffrey breached his fiduciary duties when he failed to abandon the Property until eight months after the unsuccessful auction in October 2014. Whittenton alleges that during this eight-month period, the bankruptcy estate incurred financial obligations in the form of fire watch fees, real estate taxes, utility bills, and other administrative costs far beyond its ability to pay. Whittenton alleges that this failure to abandon the Property immediately after the auction was negligent, reckless, and not sound business judgment. The complaint further alleges that this failure to abandon the Property was a breach of Jeffrey's fiduciary duties and caused damage to both Whittenton and the bankruptcy estate.

The allegations in Count II that Jeffrey's decision to delay abandoning the Property was negligent, reckless, not sound business judgment, and a breach of fiduciary duty are mere conclusory statements that are not supported by specific facts that give rise to a plausible entitlement to relief.

More is required of a plaintiff. The *Iqbal* standard demands that a plaintiff plead specific factual content. *Iqbal*, 556 U.S. at 768-79. Whittenton concedes that Jeffrey was attempting to negotiate a sale during the eight-month period in question. While these efforts did not ultimately produce a consummated sale, the third-party complaint is devoid of any facts that demonstrate that Jeffrey's actions were negligent and not a proper exercise of his business judgment. "The make or break standard [. . .] is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepulveda Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. at 679, 80). Whittenton's Count II fails to state a plausible entitlement to relief for breach of duty of any kind.[1]

Count III alleges that Jeffrey breached his fiduciary duties when he failed to pay real estate taxes and other municipal charges on the Property as they became due. According to Whittenton, Jeffrey's failure to pay these charges resulted in the imposition of liens against the Property that impaired Whittenton's secured interest in the Property. However, the complaint fails to allege that there were estate funds from which Jeffrey could have paid these charges or that making such payments would have benefitted the Debtor's bankruptcy estate. To the extent these charges ultimately impaired Whittenton's security interest in the Property, the complaint fails to allege that any impairment exceeds the reasonable and necessary costs and expenses that either Jeffrey or the Chapter 7 Trustee would have been entitled to recover from Whittenton under 11 U.S.C. § 506(c) for preserving its collateral had Jeffrey paid these charges. Accordingly, Count III fails to plead specific facts that support a plausible

---

[1] Additionally, Whittenton ignores the fact that during at least a portion of the eight-month period in question, Jeffrey was acting with court approval as the Court had approved Jeffrey's request for authorization to sell the Property to the Debtor's principal, Murphy. Thus, Jeffrey is arguably immune from liability by virtue of having acted in furtherance of this Court order. *See Mailman*, 196 F. 3d at 8. The Court need not reach this issue as Count II must in any event be dismissed for failure to state a claim upon which relief can be granted.

entitlement to a claim for negligence, and Count III must be dismissed for failure to state a claim upon which relief can be granted.

Count IV alleges that the Property was "over-assessed" for tax purposes by the City of Taunton and that Jeffrey failed to request a reassessment of the Property by the City of Taunton Board of Assessors. Had Jeffrey made such a request, Whittenton maintains, the Board of Assessors would have reduced the assessed value of the Property and the City of Taunton would have reduced the taxes on the Property. Whittenton contends that this failure to seek a reassessment of the Property was a breach of Jeffrey's fiduciary duties. However, the complaint fails to state any facts supporting the conclusion that the Property was over-assessed. Further, the complaint fails to allege any benefit the estate would have derived from such a reassessment. Finally, seeking a reassessment would have required the expenditure of funds that the estate did not have; therefore, Jeffrey had no ability to seek the reassessment, and Whittenton has not pled otherwise. Accordingly, Count IV fails to state a claim upon which relief can be granted and must be dismissed.

Count V alleges that the Property's fire suppression and fire alarm system were in a state of disrepair during the bankruptcy case and that the Taunton Fire Department ordered a fire watch consisting of a firefighter present at the Property twenty-four hours per day, seven days per week until the system was repaired. The third-party complaint concedes that after Jeffrey was appointed, he replaced the municipal fire watch with a private fire watch, which "reduced the cost of the fire watch dramatically." However, the third-party complaint alleges that Jeffrey breached his fiduciary duty to the estate by not repairing the system, which, according to Whittenton, would have cost substantially less than the fire watch. Again, the third-party complaint fails to allege that the estate had funds available to make the repairs. It also fails to plead any facts in support of its conclusion that repairing the entire system would have cost the estate less than the private watch. Moreover, it fails to plead any facts that demonstrate that Jeffrey's decision in this regard was negligent and not an exercise of sound business

judgment. For all these reasons, Count V fails to plead sufficient facts to demonstrate a plausible entitlement to relief, and it must be dismissed for failure to state a clam upon which relief can be granted.

Count VI is entitled Breach of Fiduciary Duty (Failure to Collect Rents). It alleges that Jeffrey retained Spencer Hicks ("Hicks"), the manager of the Debtor, to collect rents from tenants at the Property. The complaint further states that Hicks diverted some of the rents from Jeffrey to either himself or Murphy, the Debtor's principal. The complaint further alleges that Jeffrey knew of this diversion and took no action to prevent it. The complaint also alleges that Jeffrey's failures in this regard reduced the value of the Debtor's bankruptcy estate and reduced the working capital available to operate the Property. Taken as true, these facts give rise to plausible entitlement to a claim for negligent breach of fiduciary duty on a theory that is akin to negligent entrustment. Moreover, there does not appear to be an order from the Court on the docket that authorizes Jeffrey's actions with respect to the retention of Hicks or the collection of rents. Thus, it does not appear that Jeffrey was acting with *explicit* Court approval here, and he is not protected by the doctrine of derived judicial immunity for such a potential negligent breach of fiduciary duty. Therefore, Jeffrey's motion to dismiss Count VI must be denied, without prejudice to Jeffrey's producing or pointing to further evidence that he was indeed acting with Court approval.

Count VII alleges that Jeffrey failed to record a special permit that allowed for mixed-use development of the Property. Whittenton's third-party complaint alleges that the special permit, which had been issued by the City of Taunton, increased the value of the Property because it allowed for construction of an assisted living facility at the Property. Whittenton further alleges that the special permit expired during Jeffrey's tenure as chapter 11 trustee because he failed to record it with the registry of deeds. The third-party complaint alleges that recording the permit was a ministerial act and that the cost to the estate would have been minimal. The complaint further alleges that Jeffrey was

aware of the impending expiration of the permit and that he intentionally failed to record it. Whittenton further alleges that Jeffrey's failure to record the special permit reduced the marketability of the Property because it prevented Jeffrey from advertising the Property as permitted to build an assisted living facility. The complaint further alleges that it would cost the Debtor or a successor hundreds of thousands of dollars to payoff municipal liens and re-petition the City of Taunton for a similar special permit. Whittenton alleges that Jeffrey's failure to record the permit constituted a breach of his fiduciary duties to the estate. These allegations taken as true state a plausible entitlement to relief for a claim of negligent breach of fiduciary duty. Again, it does not appear from a review of the docket that Jeffrey was acting with explicit Court approval with respect to his decision regarding the special permit. Therefore, derived judicial immunity is not applicable to Count VII. For these reasons, Jeffrey's motion to dismiss Count VII is denied without prejudice to Jeffrey's producing or pointing to further evidence that he was indeed acting with Court approval.

**V.    Conclusion**

For the reasons set forth above, the Court hereby dismisses Counts I, II, III, IV, and V of the third-party complaint. The Court hereby denies Jeffrey's motion to dismiss Counts VI and VII without prejudice to Jeffrey's filing a renewed motion to dismiss, on or before September 15, 2017, that cites to evidence that the Court had explicitly authorized the actions Jeffrey took as chapter 11 trustee that form the basis of Counts VI and VII. In the event Jeffrey fails to file a renewed motion to dismiss, he shall file an answer to the remaining counts of the third party complaint on or before September 22, 2017.

Date: September 1, 2017

_____
Frank J. Bailey
United States Bankruptcy Judge